1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    ROBERT L. WILLIAMS,                     Case No.  22-cv-01461-DMR

8                    Plaintiff,

9         v.                                 **ORDER TO SHOW CAUSE WHY
                                             CASE SHOULD NOT BE DISMISSED**
10   MONIYAN, et al.,

11                   Defendants.

12          Self-represented Plaintiff Robert Williams filed a complaint and an application to proceed

13   *in forma pauperis* ("IFP").  [Docket Nos. 1-2.]  Plaintiff's complaint is unclear, but he appears to

14   allege that Defendants Moniyan (the CEO of Bank of America), the President of the Arizona

15   Employment Development Department, and the Arizona Governor unlawfully denied him

16   pandemic-related unemployment insurance.  Plaintiff lives in Walnut Creek, California.

17          The complaint does not contain information that establishes personal jurisdiction over non-

18   California Defendants.  The complaint also does not contain information supporting that the case

19   should be brought (or "venued") in this judicial district.

20          Personal jurisdiction is proper if it is "consistent with [California's] long-arm statute and if

21   it comports with due process of law."  *Boschetto v. Hansing*, 539 F.3d 1011, 1020-21 (9th Cir.

22   2008).  Under California's long-arm statute, a federal court may exercise personal jurisdiction

23   over a defendant to the extent permitted by the Due Process Clause of the Constitution.  Cal. Code

24   Civ. Proc. § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir.

25   2004).  "A district court's exercise of jurisdiction over a nonresident defendant comports with due

26   process when the defendant has at least 'minimum contacts' with the forum and subjecting the

27   defendant to an action in that forum would 'not offend traditional notions of fair play and

28   substantial justice.'"  *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

2      "A defendant's minimum contacts can give rise to either general or specific jurisdiction."

3 *Id.* Under the general jurisdiction analysis, "[f]or an individual, the paradigm forum for the

4 exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent

5 place, one in which the corporation is fairly regarded as at home." *Bristol-Myers Squibb Co. v.*

6 *Super. Ct.*, 137 S. Ct. 1773, 1780 (2017).

7      With regard to venue, a federal statute governs the district(s) in which a civil action may be

8 filed:

9        (1) a judicial district in which any defendant resides, if all defendants
   are residents of the State in which the district is located;

10

11        (2) a judicial district in which a substantial part of the events or
   omissions giving rise to the claim occurred, or a substantial part of
   property that is the subject of the action is situated; or

12

13        (3) if there is no district in which an action may otherwise be brought
   as provided in this section, any judicial district in which any defendant
   is subject to the court's personal jurisdiction with respect to such

14        action.

15 28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the

16 wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to

17 any district or division in which it could have been brought."  28 U.S.C. § 1406(a). "Whether

18 venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was

19 brought satisfies the requirements of federal venue law."  *Atl. Marine Const. Co. v. U.S. Dist. Ct.*,

20 571 U.S. 49, 55 (2013).

21      Plaintiff has not shown that the Northern District of California may exercise personal

22 jurisdiction over the people he has sued because he has not established that each of them has

23 sufficient minimum contacts with California or that exercising jurisdiction in California is

24 reasonable.  Plaintiff also has not shown that this action is properly venued in this district.

25 Defendants do not reside in this district, and it appears that "a substantial part of the events or

26 omissions giving rise to the claim occurred" in the District of Arizona, and not here.  *See* 28

27 U.S.C. § 1391(b)(1)-(2).  Unless Plaintiff can show legal authority for personal jurisdiction and

28 venue in this district, the court may dismiss the case without prejudice to Plaintiff being able to

file it in an appropriate district.

Accordingly, the court orders Plaintiff to file a statement explaining the bases for personal jurisdiction in California for each of the Defendants.  Plaintiff's statement must also explain why venue in the Northern District of California is appropriate.  Plaintiff must file the statement by no later than **April 18, 2022.**  Failure to file a timely statement may result in dismissal of the case.[1]

The court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://cand.uscourts.gov/pro-se-litigants/, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: March 17, 2022



Donna M. Ryu
United States Magistrate Judge

_____
[1] In the interest of judicial economy, the court does not reach other issues at this time, including the application of sovereign immunity, whether Plaintiff has stated a legal claim for relief, and whether his complaint alleges a federal question or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332(a).